IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE CITY OF COLUMBIA, MISSOURI, a municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> MCC MISSOURI LLC, a Delaware limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 07-04185-CV-W-NKL ) ) ) ) ) ) |

**ORDER**

Pending before the Court is Defendant MCC Missouri LLC ("MCC") Motion to Dismiss [Doc. # 6]. For the following reasons, MCC's motion is DENIED.

**I.   MCC'S MOTION TO DISMISS COLUMBIA'S COMPLAINT**

   **A.   Overview**

The City of Columbia ("Columbia") granted MCC a cable television franchise for which it was to pay 3% of its gross revenues to the municipality and to provide channel capacity, fixed studio with two-way transmission, equipment and personnel to support a public access channel. (Compl. ¶ 10). Columbia alleges that MCC underpaid its franchise fees and failed to provide reasonable funding for the public access channel. Columbia sued MCC in the Circuit Court of Boone County, Missouri, in an attempt to recover money it believes it is owed. The case was removed to this Court on September 13, 2007. MCC now argues that Mo. Rev. Stat. § 516.120, which establishes a five-year

1

statute of limitations for breach of contract actions, limits Columbia's remedies at law to those damages accrued after August 8, 2002.

Section 516.120 reads in pertinent part:

Within five years:
(1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;

Columbia responds that Mo. Rev. Stat. § 516.110 applies to this contract. Mo. Rev. Stat. § 516.110 provides that a ten year statute of limitations applies to any claim based upon a "writing whether sealed or unsealed, for the payment of money or property . . . ." Columbia argues that when MCC agreed to abide by the provisions of Chapter 10 of the revised ordinances of Columbia, Missouri, which includes the payment of franchise fees, it knowingly executed a writing for the payment of money and property. (Pl. Brief, 1). The Unconditional Acceptance of Franchise provides in pertinent part:

Mediacom Communications Corporation and MCC Missouri, LLC unconditionally accept the governing authority of the Columbia Cable Television Regulatory Ordinance (chapter 10 of the Code of Ordinances, City of Columbia, Missouri) and agree to comply with and abide by all provisions, terms and conditions of the Regulatory Ordinance, as now in effect and as may be amended, in the operation of the cable television franchise. (Pl. Ex. A).

The ordinance provides that:

Sec. 10-171. Payment to city.
(a) As compensation for a franchise granted pursuant to this article, and in consideration of permission to use the streets, rights-of-way, public ways and utility easements of the city for the construction, operation, maintenance and reconstruction of a cable system within the city, a franchisee shall pay to the city an amount equal to three (3) per cent of a franchisee's total gross annual revenue

2

from all sources attributable to the franchisee's operations within the city. (Pl. Ex. B).

**B.     Discussion**

Under Missouri law, in order to constitute a promise to pay money within the meaning of § 516.110(1), the writing must contain a promise to pay money and the promise or obligation to pay the money must arise from the writing itself and may not be shown by extrinsic evidence. *Silton v. Kansas City*, 446 S.W.2d 129 (Mo. 1969); *Sam Kraus Co. v. State Highway Commission*, 416 S.W.2d 639 (Mo. 1967); *Hampton Foods, Inc. v. Wetterau Finance Co.*, 831 S.W.2d 699, 702 (Mo. Ct. App. 1992). However, the promise to pay can be shown by fair implication and Missouri courts broadly construe the ten-year statute of limitations. *Home Ins. Co. v. Mercantile Trust Co.*, 284 S.W. 834 (Mo. Ct. App. 1926); *Reyburn v. Casey*, 29 Mo. 129 (Mo. 1859); *Missouri, K. & T. Ry. Co.*, *v. American Surety Co.*, 236 S.W. 657 (Mo. 1921); *Herweck v. Rhodes*, 34 S.W.2d 32 (Mo. 1931); *Zuvers v. Robertson*, 906 S.W.2d 892, 895 (Mo. Ct. App. 1995).

MCC argues that the five year statute of limitations applies because Columbia is trying to enforce a franchise fee contained in an ordinance. In support of its position, MCC cites *Barberi v. University City*, 518 S.W.2d 457, 458 (Mo. Ct. App. 1975). In *Barberi*, the Missouri court ruled that an action by city firemen to collect holiday pay authorized by ordinance is governed by the five year statute of limitations because enforcement of an ordinance is not a written promise to pay within the meaning of section 516.110(1). The *Barberi* court found that "[g]enerally, in order to constitute a promise to

3

Case 2:07-cv-04185-NKL   Document 21   Filed 11/19/07   Page 3 of 8

pay money within the meaning of section 516.110(1), the writing must contain the promise to pay money and the promise or obligation to pay money must arise from the writing itself and may not be shown by extrinsic evidence." *Id.* at 458 (citing *Stilton v. Kansas City,* 446 S.W.2d 129 (Mo. 1969). Because the civil service rule on which the firemen relied did not contain a promise to pay extra money for working on holidays, any obligation to the firemen for extra holiday pay was established by ordinance and not the civil service rule. Therefore, the *Barberi* court concluded that *Coleman v. Kansas City*, 173 S.W.2d 572 (1943), was controlling. In *Coleman*, the Missouri court held that when an ordinance provides the obligation to pay money, then the five year statute of limitations applies, not the ten year statute advocated by the City of Columbia.

*Barberi* would be instructive if Columbia's claim was based on an ordinance, however, that is not the case. Columbia's claim is based on a written franchise agreement which obligated MCC to comply with Columbia's franchise ordinance. Columbia is not suing under the ordinance per se. It is suing under a franchise agreement which incorporates by reference the requirements of the ordinance. *City of Philadelphia v. Holmes Elec. Protective Co. of Philadelphia*, 6 A.2d 884 ( Pa. 1939), illustrates the point. In that case, a Pennsylvania court held that Philadelphia was subject to a statute of limitations on its claim for past due franchise fees even though there was no statute of limitations for ordinance violations. The Pennsylvania court reasoned that because the franchisee had executed a written promise to pay the franchise tax contained in an ordinance, Philadelphia's suit was for enforcement of a contract and not for the

4

enforcement of an ordinance.

While Missouri cases do state that the ten year statute of limitations does not apply where extrinsic evidence defines the parameters of the obligation to pay, none of those cases dealt with an ordinance which was specifically mentioned in and effectively incorporated by reference into the written agreement to pay. As explained by the Eighth Circuit in *Johnson v. State Mut. Life Assur. Co. of America,* 942 F.2d 1260 (8th Cir. 1991), the term "extrinsic evidence" is not as broadly defined as some Missouri cases would suggest. *Stilton v. Kansas City, supra,* a case relied on by the *Barberi* court, is one of the cases specifically distinguished by the Eighth Circuit. *Johnson* at 1264. The Eighth Circuit concluded that if a plaintiff's claim is based on a written contract to pay money, then the ten year statute of limitations applies even though the Plaintiff may "'be required to go beyond the terms of the writing to show performance on the part of the plaintiff and a breach on the part of the defendant.'" *Johnson v. State Mut. Life Assur. Co. of America,* 942 F.2d 1260, 1265 (8th Cir. 1991) (citing *Missouri, K. & T. Ry. v. American Surety Co.,* 236 S.W. 657, 663 (Mo. 1921). Therefore, the fact that an ordinance must be consulted to determine the promise made by MCC does not mean that the five year statute of limitations applies.

Although the Court finds that MCC's reliance on *Barberi* is misplaced, there is still the question of whether the franchise agreement is a written promise to pay money within the meaning of Mo. Rev. Stat. § 516.110. Count II seeks recovery based on a promise by MCC to equip a public access channel and to provide reasonable funding for

public access. Columbia does not respond to MCC's argument that the five year statute of limitations applies to Count II. Extrinsic evidence would necessarily be needed to establish what property was promised and what is "reasonable" funding. Count II is not based on a written promise for pay or property.

As to Count I, which seeks payment of franchise fees equal to three percent of MCC's gross revenues, the question is more difficult. This is because the actual amount to be paid is not apparent from the face of the franchise agreement as was the $40,000 life insurance obligation in *Johnson*. The franchise agreement references a percentage to be applied to a future, unknown number. On the other hand, the parameters of the promise are clearly established within the four corners of the contract; MCC must pay three percent of its gross revenues. The fact that this calculation must be done after the contract is formed does not seem to matter. *See Lorberg v. Jaynes,* 298 S.W. 1059 (Mo. App. 1927). In *Lorberg,* a mutual insurance company sought to recover an assessment against a policyholder. The policyholder had agreed to pay to the insurance company his pro rata share of the losses incurred by the insurance company. The Missouri court found this promise to be governed by the ten year statute of limitations because it was a written promise to pay money. The Missouri court found that it was immaterial that the sum to be paid is contingent or conditional and subsequently to be determined. It, therefore, appears that the ten year statute of limitations applies to Count I of Columbia's complaint. *See also South Side Realty Co. v. Hamblin*, 387 S.W.2d 224, 227-28 (Mo. Ct. App. 1964) ("Our courts hold that though the language of the writing sued on does not contain a

6

promise in express terms to pay the money sued for, yet if by fair implication such promise arises from the language of the writing itself, the ten-year statute applies.") (citing *Martin v. Potashnick*, 217 S.W.2d 379 (Mo. 1949)).

While the five year statue of limitations applies to Count II, the Court finds that the record is insufficient to prove that the statute of limitations began to run when a citizen group began demanding that MCC contribute to public access television in 2001. While this allegation is contained on the face of Columbia's petition, the fact that citizens began making complaints does not convince the Court that this triggered the statute of limitations. Receiving complaints from citizens, depending on their content and what Columbia verified once the complaints were made, may or may not start the statute of limitations running on Count II. Because this matter is more appropriately addressed in a summary judgment motion and MCC bears the burden of proving its statute of limitations defense, the Court will not grant MCC's request to dismiss portions of Count II even though the five year statute of limitations clearly applies to this claim.

## II. CONCLUSION

Accordingly, it is hereby ORDERED that

(1) MCC's Motion to Dismiss Counts I and II of Columbia's Complaint [Doc. # 6] is DENIED.

(2) The five year statute of limitations applies to Count II but the evidence on the face of Plaintiff's complaint is insufficient to show, as a matter of law, that the five

7

year statute of limitations began to run when Columbia residents complained about the quality of the equipment and services provided by MCC for the public access channel.

                                                 s/ Nanette K. Laughrey
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

Dated:  November 19, 2007
Jefferson City, Missouri